IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATHANIEL CUMMINGS, | ) | |
| IVAN MCKIM, | ) | |
| ROBERT BAUGHMAN, | ) | |
| KENNETH MUNSON, | ) | |
| ALBERT POSEY, | ) | |
| DEWITT JOHNSON, SR., | ) | |
| | ) | Case Number: |
| PLAINTIFFS, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BNSF RAILWAY COMPANY | ) | |
| (Individually and as Successor-in- | ) | |
| Interest to the Burlington Northern | ) | |
| and Santa Fe Railway Company, | ) | |
| Atchison Topeka and Santa Fe | ) | |
| Railway Company, Chicago, | ) | |
| Burlington and Quincy Railroad | ) | |
| Company, Burlington Northern Inc., | ) | |
| and Burlington Northern Railroad | ) | |
| Company) | ) | |
| | ) | |
| DEFENDANT. | ) | JURY TRIAL DEMANDED |

SERVE:   C.T. Corporation System
         208 South LaSalle Street
         Chicago, Illinois 60604

**PLAINTIFFS' ORIGINAL COMPLAINT**

NOW COME PLAINTIFFS, by and through counsel, and for this action against the BNSF

Railway Company, individually and as successor-in-interest to the Burlington Northern & Santa Fe

Railway Company, Atchison Topeka and Santa Fe Railway Company, Chicago, Burlington and

Quincy Railroad Company, Burlington Northern Inc., and Burlington Northern Railroad Company,

"Defendant Railroad", respectfully state:

    1.    Plaintiff Nathaniel Cummings is a resident of Chicago, Illinois, who worked for the

1

Defendant Railroad and/or its predecessors from 1966 to 1988 as a janitor and freight handler (Social Security No. 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). He has been diagnosed with an occupational lung disease.

2.      Plaintiff Kenneth Munson a resident of Galesburg, Illinois, who worked for the Defendant Railroad and/or its predecessors from 1951 to 1991, as a hostler, fireman and engineer (Social Security No. 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). He has been diagnosed with an occupational lung disease.

3.      Plaintiff Ivan McKim is a resident of Knoxville, Illinois, who worked for the Defendant Railroad and/or its predecessors from 1964 to 2004 as a brakeman, switchman and conductor (Social Security No. 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). He has been diagnosed with an occupational lung disease.

4.      Plaintiff Robert Baughman is a resident of Galesburg, Illinois, who worked for the Defendant Railroad and/or its predecessors from 1953 to 1981 as a switchman (Social Security No. 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). He has been diagnosed with an occupational lung disease.

5.      Plaintiff Albert Posey is a resident of Chicago, Illinois, who worked for the Defendant Railroad and/or its predecessors in 1970 to 2005 as a machinist (Social Security No. 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). He has been diagnosed with an occupational lung disease.

6.      Plaintiff Dewitt Johnson, Sr., is a resident of Chicago, Illinois, who worked for the Defendant Railroad and/or its predecessors in 1969 to 2006 as a laborer and carman (Social Security No. 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). He has been diagnosed with an occupational lung disease.

7.      That at all times mentioned herein, and for some time prior thereto and thereafter, BNSF Railway Company (Individually and as Successor-in-Interest to The Burlington Northern Santa Fe Railway Company, The Atchison Topeka & Santa Fe Railway Company, and Burlington Northern Railroad Company), and/or its predecessors in interest, were engaged in the business of interstate

interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purposes thereof, did operate its business, maintain offices and place its agents, servants and employees throughout the State of Illinois.

8. That during the course of Plaintiffs' employment, the Defendant Railroad was engaged in interstate commerce as a common carrier by rail, and all or part of their duties were in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., Section 1 et. seq., which Act grants this Court jurisdiction over this action.

9. That during the course of Plaintiffs' employment with the Defendant Railroad, they were engaged in the course of their employment performing their craft and in other various roles and capacities where they were required and caused to work with, and in the vicinity of, toxic substances and dusts including dust from asbestos-containing products and materials, silicates and silica-containing products, diesel fumes, diesel exhaust, welding fumes, cleaning solvents, and others, which caused them to suffer severe and permanent personal injuries.

10. That at all times relevant, Plaintiffs were unaware of the dangerous propensities of the dusts, fumes, vapors and toxins they were required to work with and around and were unaware of the cause of any latent abnormal medical condition.

## COUNT I - NEGLIGENCE

11. Plaintiffs reallege Paragraphs 1-10 as if restated here verbatim.

12. That the Defendant Railroad, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a) in failing to provide Plaintiffs with a reasonably safe place within which to work;

(b) in failing to furnish Plaintiffs with safe and suitable tools and equipment including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn Plaintiffs of the true nature and hazardous effects of exposure to dusts, fumes, vapors, toxins, and other hazardous materials;

(d) in failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing products that contained or produced hazardous dusts and toxins;

(e) in failing to provide adequate, if any, instructions in the use or removal of products that contained or produced hazardous dusts, fumes, vapors and toxins;

(f) in failing to provide Plaintiffs with safe and proper ventilation systems in the workplace;    (g) in failing to inquire of the suppliers of products to its shops regarding the hazardous nature of exposure to the dusts, fumes, vapors and toxins contained in such products;

(h) in requiring Plaintiffs to work with and around ultra-hazardous products; and

(i) in failing to periodically test and examine Plaintiffs to determine if they were subject to any ill effects of their exposure to dusts, fumes, vapors, toxins and other hazardous substances.

13. That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the Defendant Railroad, Plaintiffs developed an occupational lung disease and as a result sustained injury to their bodies and respiratory systems, resulting in pain and suffering, mental anguish, and progressive impairment and disability.

## **COUNT II - LOCOMOTIVE BOILER INSPECTION ACT**

14. Plaintiffs re-allege Paragraphs 1-13 as if stated herein verbatim.

15. That throughout Plaintiff Kenneth Munson, Ivan McKim and Robert Baughman's employment with the Defendant Railroad, they were required to work on or about locomotives, boilers and their appurtenances, and was engaged in the performance of their duties at the time they weres exposed to the dusts and toxic substances set forth above.

16. That at said time and subsequent thereto, the Defendant Railroad was engaged in interstate commerce as common carriers by rail, by reason whereof the rights and liabilities of the parties were and are governed by the Act of Congress known as the Federal Safety Authorization Act, 49 U.S.C. Section 20701, formerly known as and referred to herein as the Locomotive Boiler Inspection Act, 45 U.S.C. Section 22-34.

17. That the Defendant Railroad by and through its agents, servants and employees, violated the Locomotive Boiler Inspection Act by failing to provide Plaintiffs Kenneth Munson, Ivan McKim and Robert Baughman with a locomotive and its appurtenances in a proper and safe condition, and safe to work on or about, in that the locomotives and appurtenances were laden with hazardous dusts, fumes, vapors and toxins.

18. Plaintiffs Kenneth Munson, Ivan McKim and Robert Baughman were forced to work on or about defective and unsafe locomotives, locomotive boilers and their appurtenances, while said equipment was in use on the line of the Defendant Railroad.

**COUNT III - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

19. Plaintiffs re-allege Paragraphs 1-18 as if set forth herein verbatim.

20. That during the course of their employment and in the performance of their duties with the Defendant Railroad, Plaintiffs worked with, came into contact with, and were physically struck with hazardous dusts, fumes, vapors and toxins, including asbestos fibers and other toxic substances.

substances. Plaintiffs' contact with these hazardous dusts, fumes, vapors and toxins occurred directly with their clothing, skin, mouth, nose, and respiratory and digestive tracts.

21. That Plaintiffs' contact with these hazardous dusts, fumes, vapors and toxins have manifested in the form of an occupationally-related injury to Plaintiffs.

22. That Plaintiffs have been informed by their physicians that as a result of their employment with the Defendant Railroad, they are at a significantly increased risk for the development of various medical ailments, including but not limited to progressive lung disease, bronchogenic carcinomas and gastro-intestinal carcinomas. Further, their expected life span has been greatly diminished.

23. That, as a result, in whole or in part, of one or more of the Defendant Railroad's aforementioned negligent acts or omissions, Plaintiffs have suffered mental anguish, distress and a decreased ability to enjoy life.

## **DAMAGES COMMON TO ALL COUNTS**

24. That as a result of the Defendant Railroad's negligent actions as are described above, Plaintiffs have suffered pain, nervousness and mental anguish. Plaintiffs will be forced to suffer the same for the remainder of their lives and their enjoyment of life has been greatly reduced. Also as a result of the Defendant Railroad's negligent acts and omissions, Plaintiffs' expected life spans have been greatly shortened.

25. As a result of their health problems, Plaintiffs have been forced to incur medical expenses by way of doctor, hospital and drug bills. Plaintiffs will be forced to incur additional, similar expenses in the future in an effort to treat their permanent and progressive condition.

26. Further, Plaintiffs will incur medical expenses necessary to monitor their permanent

and progressive condition, including regular and periodic chest x-rays, computerized tomography scans, pulmonary function tests, blood work and physical examinations, which may lead to other testing, all in an attempt to adequately diagnose and treat their condition, which includes a significantly increased risk of the development and progression of the ailments and carcinomas set forth above.

WHEREFORE, Plaintiffs demand judgment against the Defendant Railroad, for money damages for the injuries suffered as herein alleged, in an amount to be determined by the trier of fact; together with costs and all other relief permitted.

PLAINTIFFS DEMAND A JURY TRIAL.

Respectfully submitted,

JONES & GRANGER

/s/ Robert L. Norton
ROBERT L. NORTON
Illinois Bar No. 06208878
10,000 Memorial Drive, #888
Houston, TX 77024
Telephone: (713) 668-0230
Facsimile:  (713) 956-7139
E-mail: bnor@jonesgranger.com

SAUTER SULLIVAN, L.L.C.


By: /s/ Kevin A. Sullivan
    Kevin Sullivan
    Illinois Bar No. 06212244
    3415 Hampton Ave.
    St. Louis, MO 63139
    Telephone: (314) 781-3222
    Facsimile: (314) 781-2726
    E-mail: ksullivan@ss-law.net

ATTORNEYS FOR PLAINTIFFS